Submitted on record and brief filed on behalf of the Oregon State Bar June 10, accused suspended for six months August 30, 1988

In re Complaint as to the Conduct of

# L. CHARLES PURVIS,
*Accused.*

(OSB 86-117; SC S35032 )

760 P2d 254

Teresa J. Schmid, Assistant Disciplinary Counsel, Lake Oswego, filed the brief for the Oregon State Bar.

No appearance by or for accused.

PER CURIAM

## PER CURIAM

The accused is charged with three instances of professional misconduct arising out of his representation of Virginia Frazier and her son, Eric, and the accused's failure to respond to a complaint to the Oregon State Bar (Bar) concerning that representation. A Trial Panel found him guilty of all three charges and suspended him from the practice of law for six months, with any reinstatement subject to certain conditions. The matter is before us for review pursuant to ORS 9.536(2) and Rule 10.1 of the Bar's Rules of Procedure.[1] We find the accused guilty on all three charges. He is suspended from the practice of law for six months.

We take our statement of facts substantially from the able opinion of the Trial Panel. Virginia Frazier retained the accused in June, 1986, to obtain reinstatement of child support payments for her son, Eric. Frazier paid a retainer of $150. At various times between June and September, 1986, the accused told Frazier that he had prepared certain papers and taken other action on behalf of her son. On September 11, 1986, after numerous inquiries from Frazier, the accused finally admitted that he had done nothing on the case and had lied to her.

The accused returned the retainer. Frazier obtained other counsel to pursue the support matter. That counsel finally was able to obtain resumed child support payments in February, 1987. No retroactive payments were obtained. The accused's failure to pursue the matter cost Frazier and Eric some amount of support that would have been paid between June, 1986, and February, 1987. The accused never offered to reimburse Frazier for that loss.

The Bar charged that this conduct of the accused violated DR 6-101(B)[2] and DR 1-102(A)(3).[3] As did the Trial

---

[1] The accused did not file an answer to the Bar's charges against him and did not appear before the trial panel, either in person or by counsel. He likewise has not appeared in this Court.

[2] Bar Disciplinary Rule 6-101(B) provides:

"A lawyer shall not neglect a legal matter entrusted to the lawyer."

[3] Bar Disciplinary Rule 1-102(A)(3) provides:

"(A) It is professional misconduct for a lawyer to:

"* * * * *

"(3) Engage in conduct involving dishonesty, fraud, deceit or misrepresentation[.]"

Panel, we find by clear and convincing evidence that the accused violated both disciplinary rules.

In late September, 1986, Frazier complained to the Bar about the accused. The accused did not respond to requests from the Bar for information about the matter. The case was referred to the local professional responsibility committee. A member of that committee made several attempts by mail and telephone to obtain a response from the accused. There was no written response. The committee member reached the accused once by telephone, and the accused promised to forward documents related to the case. They never were received.

The Bar charged that the accused's lack of cooperation with its attempts to investigate the Frazier matter violated DR 1-103(C).[4] As did the Trial Panel, we find by clear and convincing evidence that the accused violated this disciplinary rule.

The Trial Panel determined that the appropriate sanction in this case was to suspend the accused from the practice of law for six months. That sanction has not been challenged by the accused. It is adopted. The Trial Panel opinion further stated,

> "In the event the Accused should apply for readmission to the Oregon State Bar, it is our further decision that admission not be granted until such time as the Accused has completed a course in professional office practice or management counseling, to be supervised by the Oregon State Bar."

By this condition, we believe the Trial Panel attempted to insure that there would be some scrutiny of the accused's ability to practice law, should he seek readmission. We share the Trial Panel's concern. In lieu of the condition imposed by the Trial Panel, and pursuant to our authority under Bar Rule 8.2(a)(iv), we order that any readmission of the accused be subject to the formal application requirements of Bar Rule 8.1.

The accused is suspended from the practice of law for

---

[4] Bar Disciplinary Rule 1-103(C) provides:

"A lawyer who is the subject of a disciplinary investigation shall respond fully and truthfully to inquiries from and comply with reasonable requests of a tribunal or other authority empowered to investigate or act upon the conduct of lawyers, subject only to the exercise of any applicable right or privilege."

six months. His readmission is made subject to the formal application requirements of Bar Rule 8.1.